UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA WILSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOK MEDICAL TECHNOLOGIES LLC )<br>)<br>Defendant. ) | CAUSE NO: 1:19-cv-04580 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Amanda Wilson ("Wilson"), by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Cook Medical technologies, LLC hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq..

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or

occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. Wilson, is a female citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).
5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).
6. Defendants is a domestic limited liability company registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about July 1, 2019, Wilson filed charges of Disability Discrimination and, Retaliation for seeking reasonable accommodations under The ADA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-03363.
2. On or about August 19, 2019, the EEOC mailed Wilson a Notice of Right to Sue for Charge Number 470-2019--03363, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".
3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

4. The Defendant hired Wilson on or about January 20, 2019 to make medical devices.

5. Throughout her employment with Defendant, Wilson met or exceeded Defendant's legitimate expectations of performance.

6. During her first four weeks Wilson met her quotas and her documented performance met expectations.

7. Wilson had a PTSD episode when she overheard other employees talking about someone being hung because Wilson had a brother who hung himself..

8. Wilson went to the doctor and was advised to wear headphones while at work to avoid another PTSD episode..

9. Wilson saw other of Defendant's employees wearing headphones while at work.

10. Wilson asked if she could wear headphones as an accommodation for her disability.

11. Wilson was told she could not wear headphones.

12. After Wilson requested her accommodation, Defendant began writing Wilson up for performance issues.

13. Wilson started getting parts back to "rework."

14. Wilson asked to transfer to a different department as an accommodation and it was refused.

15. Other , similarly situated employees were allowed to transfer..

16. Wilson's trimming dyes were replaced without her knowledge and this caused her work product to be inaccurate.

17. On March 20, 2019, Wilson reported the tampering with her dyes to Human Resources and she was terminated the same day.

18. he Defendant refused to accommodate Wilson's disability.

19. The Defendant then retaliated against Wilson for seeking accommodation under the ADA.

20. The Defendant failed to engage in the interactive process.

21. The Defendant discriminated against Wilson due to her disability.

22. The Defendant terminated Wilson due to her disability and in retaliation for accommodation..

## COUNT I

### DISCRIMINATION ON THE BASIS OF A DISABILITY

Wilson, for her first claim for relief against Defendant, states as follows:

23. Wilson hereby incorporates by reference paragraphs 1 through 22 as though previously set out herein.

24. At all times relevant to this action, Wilson was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

25. The conduct as described hereinabove constitutes discrimination on the basis of Wilson's disability.

26. The Defendant failed to engage in the interactive process with Wilson concerning her disability as required by the ADA.

27. The Defendant failed to accommodate Wilson's disability.

28. The Defendant failed to accommodate Wilson's permanent restrictions.

29. The Defendant intentionally and willfully discriminated against Wilson because she is disabled and/or because Wilson has a record of being disabled and/or because the

Defendant regarded Wilson as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

30. Defendant's actions were intentional, willful and in reckless disregard of Wilson's rights as protected by the ADA.

31. Wilson has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION

32. Wilson hereby incorporates by reference paragraphs 1 through 31 as though previously set out herein.

33. The conduct as described hereinabove constitutes retaliation on the basis of Wilson lawfully seeking reasonable accommodation under the Americans with Disabilities Act.

34. Defendant intentionally and willfully refused to accommodate Wilson's disability and terminated her employment in retaliation for seeking her lawful rights .Similarly situated individuals who were not seeking accommodation were treated more favorably in the terms, privileges and conditions of their employment.

35. Defendant's actions were intentional, willful and in reckless disregard of Wilson's rights.

36. Wilson has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Wilson, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Wilson her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Wilson all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Wilson all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Wilson, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

*/s/ Cherry Malichi*
Cherry Malichi 15406-49
Darron Stewart 21114-29
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
cherrym@getstewart.com
darron@getstewart.com
Attorney for Plaintiff